## BARBER ASPHALT PAVING CO. *v.* CITY OF DENVER.

(Circuit Court, D. Colorado. March 28, 1895.)

### No. 3,106.

MUNICIPAL CORPORATIONS—LIABILITY FOR IMPROVEMENTS.

The city of D. passed an ordinance providing for paving certain streets. In the clause relating to payment, it was provided that the street-railway company occupying A. street should pay such part of the cost of paving as was provided by the ordinance granting it the right of way, and that one-third of the remaining cost should be paid by the city and two-thirds by the abutting owners. Provision was made in regard to the manner of payment by the city and the property owners, but not by the railway company. The ordinance granting right of way to the railway company provided that such company should pave between its rails and two feet outside thereof. A contract was made, under the paving ordinance, between the city and a paving company, providing for payment by the city and the property owners of their shares of the cost, but making no provision for payment by the railway company. The city charter provided that the city should not be liable, under any circumstances, on an implied assumpsit. *Held*, that it did not appear that the city had promised in any way to pay the paving company the cost of paving between and two feet outside the rails, and that it could not be held liable, on the ground of negligence, in not providing for collection from the railway company.

This was an action by the Barber Asphalt Paving Company against the city of Denver to recover for certain paving. Defendant demurred to the complaint.

Wolcott & Vaile and C. W. Waterman, for complainant.

A. B. Seaman, for defendant.

HALLETT, District Judge (orally). The Barber Asphalt Company against the city of Denver is an action to recover the price of certain paving in the streets of the city which was done by the plaintiff. The facts upon which plaintiff relies are set forth at great length in the complaint: First, the ordinance under which this work was done. In the twelfth section of that ordinance provision was made for payment. In the first clause of that section it is said:

"That the several street railway companies occupying Arapahoe street, or any part thereof, between said limits, at the time of making said improvements shall pay such parts of the cost of said paving as is provided by the several ordinances granting the said companies their respective rights of way upon, over, or across said streets."

Referring to the ordinance which is here mentioned, as granting a right of way to the railway company, it appears that it provides

that the railway company shall pave between the rails and two feet on the outside of each rail, even with the track, whenever the city orders such streets to be paved. In section 12, before mentioned (the ordinance under which the contract was made), provision is made for payment by the city of one-third of the cost of paving parts of the street other than that which was put upon the railway company by the first clause, and two-thirds by the owners of lots abutting. The manner in which the city would pay, and the manner in which the owners of lots abutting would pay, is also set down in the ordinance. Nothing is said as to how the railway company shall pay, or how it shall be collected from it in case the railway company refused to pay, but only that it shall pay. So that there is clearly appearing a defect in the ordinance in not providing some method of collecting from the street-railway company the cost of paving the part assigned to the company. It is not put upon them in an effective way, as a charge upon the right of way, or as a debt against the company to be collected by suit or otherwise. As before stated, there is no manner of payment required; it is only declared that the company shall pay. A contract was made under this ordinance which provides for payment by the city of one-third of the cost outside of the track of the railway company, and two-thirds of the cost by the abutting owners. No provision is made for any payment by the railway company, by the city, or by the abutting owners in respect to the track of the railway company, and two feet on each side thereof. So that the question is whether the city can be charged as upon an implied assumpsit, or for negligence, as the counsel seems inclined to maintain, in not providing in its ordinance for the collection of this sum from the railway company.

It is very clear that there cannot be an implication of assumpsit. There is in the charter of this city a provision that the city shall not be liable under any circumstances in that manner. That was decided by the supreme court of the state in the case of Smith Canal Co. v. City of Denver (May 21, 1894) 36 Pac. 844. There are cases to the effect that if provision be made for collecting a tax of this kind, or money for the payment of paving from the abutting owners of lots, and the city fail in the collection for a considerable time, it shall be liable for the principal amount, apparently because of its failure, and upon some ground of negligence imputed to the city in that behalf. The case which discusses that question as clearly as any that I have seen is Commercial Nat. Bank v. City of Portland, 24 Or. 188, 33 Pac. 532. There was an ordinance for collecting the amount due for paving, and the city failed for a long time to proceed in that collection, and it was held primarily liable for the amount because of its failure to collect from the abutting owners. But there is no case that I have seen in which it is held that, because of the failure to make a sufficient ordinance in the first place, the city can be so charged. On the contrary, it is held in the case of Barber Asphalt Paving Co. v. City of Harrisburg, 62 Fed. 565, that a city is not chargeable upon the failure of

the law on which the tax is based. In that case the act under which the city proceeded (an act of the legislative assembly) was held to be void, perhaps unconstitutional; and the city went on as if it were a good and valid act, plaintiff agreeing to have payment under the terms of an ordinance passed by the city from the abutting owners of lots. The whole matter failed because of the insufficiency of the act, and the court said, and cited several decisions of the supreme court of Pennsylvania to the same effect, that the city was not liable upon the failure of the law. The defect in this ordinance must have been as clear to the plaintiff in this suit as to any one when the work was begun, and the plaintiff must have looked to the ordinance and the charter of the city to ascertain whether it could collect from several parties from whom payment would be due, or by whom payment was to be made. It does not appear but that the paving company relied upon some outside agreement—some collateral contract—with the railway company for doing this work. It certainly cannot be said from the ordinance, from the contract, from anything that appears anywhere, that the city promised to pay this sum to the plaintiff under any circumstances whatever.

The demurrer to the complaint, I think, must be sustained.